UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARY P. MCNEESE**                                                                          **PLAINTIFF**

**v.**                              **No. 4:17-CV-00350-SWW-JTR**

**NANCY A. BERRYHILL,**
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner
of Social Security Administration                          **DEFENDANT**

## **RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## **I. Introduction**

Mary McNeese ("McNeese") applied for social security disability benefits with an amended alleged disability onset date of June 1, 2013. (R. at 50). The administrative law judge ("ALJ") held a hearing and denied her application. (R. at

39). The Appeals Council denied review. (R. at 1). McNeese has requested judicial review.

For the reasons stated below, the Magistrate Judge recommends reversing and remanding the Commissioner's decision.

**II.     Discussion**

The ALJ found that McNeese had the severe impairments of bilateral knee arthritis and obesity. (R. at 32). The ALJ then found that McNeese's impairments left her with the residual functional capacity ("RFC") to perform sedentary work and that she could lift and/or carry up to ten pounds occasionally and less than ten pounds frequently; sit for up to six hours and stand and/or walk for up to two hours in an eight-hour workday; never climb ropes, ladders, or scaffolds; and occasionally climb ramps and stairs, balance, crawl, kneel, stoop, and crouch. (R. at 33). The ALJ took testimony from a vocational expert ("VE") who classified McNeese's past relevant work as Daycare Center Director (*Dictionary of Occupational Titles* ("DOT"), 092.167-010) and Child Daycare Provider (DOT 359.677-018. (R. at 38). The VE testified that McNeese could perform the job of Daycare Center Director as it is generally performed in the national economy. (R. at 38–39). Thus, the ALJ held that McNeese was not disabled. (R. at 39).

McNeese argues that: (1) the ALJ erred in determining her RFC by failing to properly weigh and discuss the opinions of consultative and treating examiners; and (2) the ALJ failed to properly consider her past relevant work as a composite job. Because the ALJ did not properly consider McNeese's past relevant work under the composite job rule, it is not necessary for the Court to reach her other argument.

A composite job has no counterpart in the DOT and requires multiple DOT listings to adequately describe all the duties involved. *Program Operations Manual System* ("POMS") DI 25005.020B. In order to find a claimant capable of performing past relevant work that is a composite job, the ALJ must find the claimant capable of performing all the duties of the job. *Id.* The ALJ may not consider a composite job at step four as "generally performed in the national economy." *Id.* It is reversible error to find a claimant not disabled because she is able to perform the duties of one of the two DOT job descriptions. *West v. Berryhill*, No. 4:16-CV-852-SPM, 2017 WL 4264126, at *5 (E.D. Mo. Sept. 26, 2017).

The VE testified that McNeese had past relevant work as a Daycare Center Director and as a Child Daycare Provider. Daycare Center Director is a sedentary job according to the DOT and involves largely administrative duties such as budget preparation, purchase authorization, hiring, and meeting with parents and staff concerning childcare and learning. This job only entails teaching duties in the absence of regular classroom teachers. DOT #092.167-010. The application of this

job title to McNeese's past relevant work relates to her owning a daycare center. (R. at 52–53). However, McNeese's duties in this capacity were not limited to administrative duties. According to testimony, she last began operating her own daycare in order to avoid having to get on her knees and squat. (R. at 53). She nevertheless still had to engage in lifting and bending while caring for children, eventually limiting her business to older children to reduce such physical labor. (R. at 54). Even with these efforts, McNeese still had to lift children for diaper changes, separate children who were not getting along, and stow and retrieve toys and other items. (R. at 54–55). Additionally, McNeese had two full-time employees, at most, before reducing to just herself near the end of her business. (R. at 55). Many of these duties clearly align with the description of Child Daycare Provider—at the light exertional level—more so than Daycare Center Director. DOT #359.677-018. It is clear from both this testimony and from McNeese's Work History Report that she never solely performed the duties of Daycare Center Director. (R. at 189–96).

The ALJ found at step four that McNeese could perform the job of Daycare Center Director "as it is generally performed in the national economy at the sedentary exertional level." (R. at 38–39). The Commissioner states that McNeese's past work was not a composite job but provides no argument or citation to support this assertion. Rather, the Commissioner reiterates that McNeese's RFC would allow her to perform the job as it is generally performed in the national economy. Contrary

to the Commissioner's argument, the facts make it clear that McNeese was not a Daycare Center Director who merely had a few additional duties that amounted to light work. She was a small business owner who performed substantially all of the duties involved in both running a daycare center and caring for its young clientele. Thus, McNeese performed a composite job, and the ALJ failed to properly evaluate it as such.

## III. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole does not contain ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales,*, 402 U.S. 389, 401 (1971).

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and REMANDED with instructions to develop the record as necessary and to properly consider McNeese's past relevant work as a composite job.

DATED this 21st day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE